DECISION.
Defendant-appellee, Coy Trollinger, was charged with escape pursuant to R.C. 2921.34(A). The state alleged that on June 9, 1998, Trollinger failed to report to his parole officer as required by the conditions of his parole on a previous felony conviction for domestic violence. Trollinger filed a motion to dismiss in which he argued that because he had been released on parole, he could not be convicted of escape. The trial court, relying on this court's decision in State v. Schultz (Aug. 7, 1998), Hamilton App. No. C-970954, unreported, appeal allowed (1998), 84 Ohio St.3d 1437, 702 N.E.2d 1214, granted his motion. The state filed a timely appeal from that decision.
In its sole assignment of error, the state contends that the trial court erred in granting Trollinger's motion to dismiss. It argues that because the offense occurred after March 17, 1998, the reasoning of Schultz does not apply and Trollinger can be convicted of escape. We find this assignment of error to be well taken.
In Schultz, the defendant, who was on parole, absconded from a halfway house on February 8, 1997, and was convicted of escape. Former R.C. 2921.34(A) provided that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention[.]" On appeal, the defendant argued that because former R.C. 2967.15(C)(2), which was in effect at the time of the offense, specifically excluded persons released on parole from the categories of furloughees or releasees who could be convicted of escape, his conviction was invalid. The state argued, among other things, that the legislature had specifically amended R.C. 2967.15(C)(2), effective March 17, 1998, to eliminate the exception for individuals released on parole.
We found no merit in the state's argument. We concluded that we could not consider the March 17, 1998, version of R.C.2967.15(C)(2), which became effective after the offense occurred, because we would have been unconstitutionally applying the statute retroactively. We held that the defendant should not have been convicted of escape since the offense occurred before March 17, 1998. We reversed his conviction and ordered him discharged.
This court has followed Schultz in several other cases, holding that a person released on parole could not be convicted of escape when the offense occurred between October 4, 1996, and March 17, 1998. See State v. Akemon (Feb. 26, 1999), Hamilton App. No. C-980333, unreported, appeal allowed (1999), 84 Ohio St.3d 1419,711 N.E.2d 1012; State v. Poole (Nov. 20, 1998), Hamilton App. No. C-980072, unreported; State v. Jeffers (Sept. 11, 1998), Hamilton App. No. C-980150, unreported, appeal allowed (1999), 84 Ohio St.3d 1487, 705 N.E.2d 367. However, the logic inSchultz does not apply when the offense occurred after March 17, 1998. After that date, the amendment to R.C. 2967.15(E) that deletes the language excluding persons on parole from prosecutions for escape would apply.
Trollinger contends that application of the March 17, 1998, amendment violates constitutional prohibitions against ex post facto laws and retroactive laws, because at the time of the underlying domestic-violence conviction, he could not have been convicted of escape for absconding while on parole. But the escape charge was based upon new criminal conduct, completely unrelated to the conduct that produced Trollinger's prior conviction for domestic violence, that occurred after the effective date of the amendment. Imposing a sentence for a new felony offense under the law in effect at the time of the new offense does not implicate the Ex Post Facto Clause of the U.S. Constitution or the retroactive-laws provision of the Ohio Constitution. See State v. Estis (June 11, 1999), Lucas App. No. L-98-1373, unreported. A statute "is not made retroactive merely because it draws upon antecedent facts for its operation." Cox v.Hart (1922), 260 U.S. 427, 435, 43 S.Ct. 154, 157; State v. Lance
(Feb. 13, 1998), Hamilton App. Nos. C-970301, C970282 and C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17,701 N.E.2d 692.
Accordingly, we hold that the trial court erred in granting Trollinger's motion to dismiss. We note that Trollinger argues that the factual basis for the current escape charge was exactly the same as that for an escape charge that was properly dismissed under Schultz on the basis of conduct that allegedly occurred on November 11, 1997. But the record does not demonstrate that contention, and we leave the issue for the trial court to determine. Accordingly, we sustain the state's assignment of error, reverse the decision of the trial court, and remand the case for further proceedings.
Judgment reversed and cause remanded.
Doan, P.J., Gorman and Painter, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.